IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHAPAT AHDAWAN NABAYA,

Petitioner

v.  Civil No. **3:20CV621**

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM OPINION

Petitioner, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 petition and paid the filing fee. Petitioner challenges his federal conviction and sentence. (ECF No. 8, at 2.)[1]

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for the citations to Petitioner's submissions.

[2] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," *id.*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 138 S. Ct. 1318 (2019).[3]

Petitioner contends that the remedy under 28 U.S.C. § 2255 is inadequate and he can proceed under 28 U.S.C. § 2241, "BECAUSE OF BIAS. JUDGE LAUCK WILL NOT

---

[3] Until *Wheeler*, a petitioner was required to satisfy the following test and was unable to challenge his or her sentence:
> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

RECUSE HERSELF AND SHE WILL NOT ALLOW THE COURT CLERK TO ENTER A FINAL JUDGMENT AND MAIL ME A SEPARATE DOCUMENT OF THE JUDGMENT." (ECF No. 8, at 5.) Petitioner's contentions fail to satisfy any of the elements of the *Wheeler* test. Moreover, the undersigned is not biased against Petitioner and Petitioner currently has a 28 U.S.C. § 2255 motion pending in this Court. *United States v. Nabaya*, 3:17CR03, (E.D. Va. filed Sept. 30, 2019) ECF No. 364. Accordingly, Petitioner's § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction. Petitioner's outstanding motions (ECF Nos. 3, 4, 7) will be DENIED. The action will be DISMISSED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: Oct. 23, 2020
Richmond, Virginia

3